UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRITON BIO-ENVIRONMENTAL,
LLC

VERSUS

CHENG CHI LIN, ET AL.

CIVIL ACTION

NO: 24-520

SECTION: "T" (5)

## ORDER AND REASONS

Before the Court is a Motion in Limine (R. Doc. 114) filed by defendants and counterclaimants, Cheng Chi Lin and Tina Lin (collectively, the "Lins" or "Counterclaimants"). The Lins move to exclude testimony from Luke Irwin, a non-retained expert designated by counterclaim-defendants Triton Bio-Environmental ("Triton") and Axis Insurance Company ("Axis") (collectively, "Counter Defendants"). R. Doc. 114. Counterclaim defendants Triton and Axis have responded in opposition to the Motion. R. Doc. 122. The Lins have not filed a reply in support of the Motion, which is now submitted before the Court. Having considered the parties' arguments, the record, and the applicable law, the Court will **DENY** the Motion in Limine.

## I. BACKGROUND

This dispute arises from mitigation and demolition work performed on the Lins' commercial immovable property, which sustained storm-related water intrusion and related damage during Hurricane Ida. R. Doc. 1, p. 3; R. Doc. 129-1, p. 1. In the immediate aftermath of the storm, the Lins, through their property manager, Julie Green, signed a contract with Triton to perform emergency mitigation and remediation services on the property on September 15, 2021. R. Doc. 129-1, pp. 1-2 (citing R. Doc. 60-5). In February or March 2022, "Triton broke a wall in the interior of the property." *Id.* at p. 2 (citing R. Docs. 60-5, 129-2). In April or May 2022, "Triton

1

advised Ms. Green that it had damaged the fencing surrounding a dumpster on the property." *Id.* (citing R. Doc. 129-2). Triton's work on the Lins' property was completed around April or May 2022. *Id.* (citing R. Doc. 129-2).

To assist with their insurance claim with Maxum Indemnity Company ("Maxum"), their commercial liability carrier, the Lins retained Luke Irwin of Irwin & Associates as their public adjuster. R. Doc. 122, p. 3. "Thereafter, Luke Irwin handled the insurance claim on behalf of the Lins." *Id.* (citing R. Docs. 122-1, 122-2).

In February 2024, Triton filed a complaint against the Lins for breach of contract in this Court, alleging that the Lins failed to pay over one million dollars for the goods and services provided. R. Doc. 1, p. 3. While the Lins and Triton have since settled that claim, *see* R. Docs. 75, 78, the Lins' counterclaim, asserting breach of contract and negligence claims against Triton and its insurer, Axis, remain, *see* R. Docs. 7, 8, 48.

On April 25, 2025, Triton identified Luke Irwin as a witness when it submitted its Final Witness List. R. Doc. 72, p. 4. This document disclosed that Mr. Irwin would testify regarding:

> Facts, circumstances, reports, estimates, surveys, and any other relevant information surrounding damage to the insured building, including inspection reports on causation, damage estimates and communications with any of representative of the Insurer. Including facts and circumstances surrounding the construction/renovation work he did for the Lins related to the subject insured property and condition of the property.

*Id.* He was identified once again as a non-retained expert in Counterclaim Defendants' Expert Disclosures filed on January 27, 2026, describing his experience and the scope of his expected testimony:

> Luke Irwin is a non-retained expert who documented and investigated the property damage claims at 3225-3229 and 3233-3239 Williams Boulevard, Kenner, Louisiana 70065 made by Cheng Chi Lin and Tina Lin to Maxum Indemnity Insurance Company. Mr. Irwin is a Certified Public Adjuster who has extensive experience in public adjusting and appraising commercial, residential, and

2

industrial properties. He is expected to provide an opinion and testify regarding the alleged damages sustained to the two adjacent commercial properties owned by the Lins by Hurricane Ida, including the need, scope, and cost of mitigation performed by Triton BioEnvironmental, LLC.

R. Doc. 114-2, p. 2.

Counterclaimants now move to exclude the testimony of Mr. Irwin, arguing that Counter Defendants did not properly disclose Mr. Irwin as a non-retained expert in accordance with Federal Rule of Civil Procedure 26(a)(2)(C). R. Doc. 114-1, pp. 1-4. Counterclaimants also argue that Mr. Irwin's role as a public adjuster prevents him from testifying because the Louisiana Revised Statutes allegedly "unambiguously restrict[] public adjusters to first-party claims only." *Id.* at p. 5 (citing La. R.S. 22:1706). Counterclaim Defendants have responded to each of Counterclaimants' arguments concerning Mr. Irwin's testimony, R. Doc. 122, and Counterclaimants have not submitted a reply in support of their Motion. The Motion in Limine is now submitted before the Court.

## II. LAW and ANALYSIS

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Meanwhile, Federal Rule of Civil Procedure 26 governs the disclosure obligations applicable to expert testimony. The Federal Rules establish two categories of expert

witnesses: (1) those "retained or specifically employed to provide expert testimony in the case," who must prepare and sign a written expert report including "a complete statement of all opinions the witness will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B), and (2) other witnesses who offer expert testimony without being specifically retained to do so, who need not provide a written report, Fed. R. Civ. P. 26(a)(2)(C). This disclosure "'need not be extensive,' but must include 'an abstract, abridgement, or compendium of the opinion and facts supporting the opinion.'" *Taylor v. B&J Martin, Inc.*, 611 F. Supp. 3d 278, 289 (E.D. La. 2020) (quoting *Causey v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-9660, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018)). "Although 'the rule does not require overly comprehensive disclosure . . . it does require disclosure in at least *some* form' in order 'to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary.'" *Id.* (quoting *Causey*, 2018 WL 2234749, at *2). "A reason for requiring less stringent disclosures for non-retained experts is that 'these witnesses have not been specially retained and may not be as responsive to counsel as those who have.'" *Certain Underwriters at Lloyd's, London v. Covington Flooring Co., Inc.*, No. CV 22-5292, 2024 WL 3741399, at *5 (E.D. La. Mar. 8, 2024) (citation omitted).

Here, Counterclaimants do not assert that Luke Irwin is not qualified under Evidence Rule 702, but rather that Counterclaim Defendants failed to disclose Mr. Irwin as a witness properly under Rule 26 of the Federal Rules of Civil Procedure. R. Doc. 114-1, p. 3. First, Counterclaimants contend that "even a combination of the Witness List and Expert Disclosures do not create an 'abstract, abridgement, or compendium of the opinion and facts supporting the opinion'" in accordance with *Taylor v. B&J Martin, Inc.* R. Doc. 114-1, pp. 3-4 (quoting *Taylor*, 611 F. Supp. 3d at 289). In support, they argue that it is unclear if Mr. Irwin will be relying on his own

knowledge or the work of Robin Gutherie-Brown, another witness of Counterclaim Defendants who is listed as "the preparer of the Irwin & Associates photo report and estimate." *Id.* (citing R. Doc. 72, p. 2). As a result, Counterclaimants appear to believe that they were not given enough information to prepare for cross examination. *See id.* at p. 4 ("The Lins are not asking for a full report, but merely enough information to be able to prepare for cross examination.")

Counterclaim Defendants argue in response that their disclosure of Mr. Irwin was not deficient, and even if it were, exclusion would not be warranted. R. Doc. 122, p. 11. Under the Federal Rules of Civil Procedure, a party who fails to disclose a witness as required by Rule 26 "is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether a violation of Rule 26 is harmless or substantially justified, a court considers: '(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'" *Ambrose v. State Farm Mut. Auto. Ins. Co.*, No. CV 20-1011, 2021 WL 2284299 (E.D. La. June 4, 2021) (quoting *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

Counterclaimants do not argue that any of these factors supports a ruling in their favor. Instead, they merely state that they "cannot think of a substantial justification for not disclosing in this manner" and provide a conclusory statement that the alleged lack of disclosure is not harmless. R. Doc. 114-1, p. 5. Counterclaim Defendants, on the other hand, argue that (1) Mr. Irwin's testimony is important because his investigations as adjuster are "highly probative of the factual and credibility issues" of "whether Triton's mitigation work was reasonable and necessary or excessive;" (2) there is no prejudice to Counterclaimants because Mr. Irwin was first disclosed

roughly nine months before discovery closed; (3) "any alleged prejudice was fully curable and never pursued" because Counterclaimants elected not to depose Mr. Irwin or serve Counterclaim Defendants with written discovery seeking clarification of his opinions; and (4) the disclosure was consistent with Rule 26(a)(2)(C)'s "less stringent disclosure regime" for non-retained witnesses. R. Doc. 122, pp. 12-13. For these reasons, the Court finds that Counterclaimants have not been harmed or otherwise prejudiced by the allegedly insufficient disclosure of Mr. Irwin.

Second, Counterclaimants argue that Mr. Irwin's testimony should be excluded because "the need, scope, and cost of mitigation performed by Triton . . . is already being addressed by Triton's retained expert Stephen Fleishmann." R. Doc. 114-1, p. 4. Counterclaim Defendants instead argue that Mr. Irwin and Mr. Fleishmann "serve fundamentally different roles." R. Doc. 122, p. 10. They assert that Mr. Irwin's expected testimony is "grounded in his firsthand, contemporaneous involvement of the Lin's retained public adjuster" and that "[h]is opinions were formed in real time, while the loss was being investigated, . . . and reflect how the Lins themselves evaluated and characterized Triton's mitigation work when seeking insurance recovery." *Id.* at p. 9. Mr. Fleishmann, on the other hand, is a retained witness who will offer a "retrospective" evaluation of "whether the Lin's current litigation position is supported by construction and mitigation principles." *Id.* at p. 10.

Third, Counterclaimants argue that "[t]he law provides that Public Adjusters [like Mr. Irwin] may undertake activities including 'investigating, appraising, or evaluating and reporting to an insured in relation to a *first-party* claim for which coverage is provided by an insurance contract that insures the property of the insured'" and prohibits public adjusters from "provid[ing] services with any claim except a *first-party* claim on behalf of an insured against such insured's insurer." R. Doc. 114-1, p. 5 (first quoting La. R.S. 22:1692, then quoting La. R.S. 22:1706). Because there

6

is no first-party insurance relationship between the parties here, Counterclaimants argue, "the plain reading of the statute prevents" Mr. Irwin from opining on this case. Counterclaim Defendants correctly assert that such an argument "misconstrues both the statute and the purpose for which Mr. Irwin's testimony is offered." R. Doc. 122, p. 10. The purpose of the statutes referenced by Counterclaimants is to "specif[y] the duties of and restrictions on public adjusters, which include limiting their licensure to assisting insureds in first party claims in a manner which avoids the unauthorized practice of law." La. R.S. 22:1691. Despite Counterclaimants' interpretation of Revised Statute 22:1706, "[p]ublic adjusters are regularly accepted as experts on issues related to damage causation and insurance industry standards and practices." *Rapides Station Land Co. LLC v. Markel Am. Ins. Co.*, No. 1:21-CV-03716, 2024 WL 5294938, at *4 (W.D. La. Dec. 3, 2024) (collecting cases). In the context of public adjusters serving as expert witnesses at trial, the referenced statute acts in tandem with the prohibition on experts from rendering a legal opinion "because there can only be a single arbiter of the law, the Court, and allowing parties to offer competing legal opinions would only serve to confuse juries." *Id.* at *6. Here, there is no indication that Counterclaim Defendants offer Mr. Irwin's testimony to provide any legal opinions. Instead, they explicitly state that his testimony is offered not "to opine on insurance coverage or contractual obligations between the parties" but rather "to explain what he observed, what he documented, what he submitted, and the opinions he formed in the course of adjusting the loss." R. Doc. 122, p. 11. Accordingly, there is no need for the Court to exclude or otherwise limit Mr. Irwin's testimony. However, Mr. Irwin's testimony shall be limited to the opinions fairly encompassed within Triton's Rule 26 disclosure and based on his personal investigation during the course of adjusting the loss.

For these reasons,

**IT IS ORDERED** that Counterclaimants' Motion in Limine to Exclude Testimony of Luke Irwin (R. Doc. 114) is **DENIED**.

New Orleans, Louisiana, this 24th day of March, 2026.

$$\text{\textit{Greg Gerard Guidry}}$$

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE