UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRITON BIO-ENVIRONMENTAL,                    CIVIL ACTION
LLC

                                             NO: 24-520

VERSUS

                                             SECTION: "T" (5)

CHENG CHI LIN, ET AL.

## ORDER AND REASONS

Before the Court is a Motion in Limine (R. Doc. 115) filed by defendants and counterclaimants, Cheng Chi Lin and Tina Lin (collectively, the "Lins" or "Counterclaimants"). The Lins move to exclude any reference to the prior Hurricane-Ida-related insurance claim, appraisal, settlement, and settlement discussions between Counterclaimants, Counterclaim Defendants, and Maxum Indemnity Company ("Maxum"). R. Doc. 115. Counterclaim Defendants, Triton Bio-Environmental ("Triton") and Axis Insurance Company ("Axis") (collectively, "Counter Defendants"), have responded in opposition to the Motion. R. Doc. 124. The Lins have not filed a reply in support of the Motion, which is now submitted before the Court. Having considered the parties' arguments, the record, and the applicable law, the Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This dispute arises from mitigation and demolition work performed on the Lins' commercial immovable property, which sustained storm-related water intrusion and related damage during Hurricane Ida. R. Doc. 1, p. 3; R. Doc. 129-1, p. 1. Immediately after the storm, the Lins opened an insurance claim with their commercial liability carrier, Maxum, and through their property manager, Julie Green, signed a contract on September 15, 2021 with Triton to perform emergency mitigation and remediation services on the property. R. Doc. 115-1, p. 2; R.

1

Doc. 129-1, pp. 1-2 (citing R. Doc. 60-5). In February or March 2022, "Triton broke a wall in the interior of the property." *Id.* at p. 2 (citing R. Docs. 60-5, 129-2). In April or May 2022, "Triton advised Ms. Green that it had damaged the fencing surrounding a dumpster on the property." *Id.* (citing R. Doc. 129-2). Triton's work on the Lins' property was completed around April or May 2022. *Id.* (citing R. Doc. 129-2).

The Lins claimed that "Maxum failed to pay amounts owed under the insurance policy, citing at least partially their disagreement with the repair protocol." R. Doc. 115-1, p. 2. The Lins then filed a suit against Maxum ("the Maxum suit"), which was settled at mediation. *Id.*

In February 2024, Triton filed a complaint against the Lins for breach of contract in this Court, alleging that the Lins failed to pay over one million dollars for the goods and services provided. R. Doc. 1, p. 3. While the Lins and Triton have since settled that claim, *see* R. Docs. 75, 78, the Lins' counterclaim, asserting breach of contract and negligence claims against Triton and its insurer, Axis, remain, *see* R. Docs. 7, 8, 48.

Counterclaimants now move to exclude several categories of evidence related to the Maxum suit at trial, including (1) references to the prior insurance claim with Maxum, (2) appraisal proceedings related to the insurance claim, and (3) settlement discussions between the Lins and Maxum. R. Doc. 115. They argue that such evidence is irrelevant under Federal Rules of Evidence 401 and 402, unduly prejudicial under Rule 403, and inadmissible settlement evidence under Rule 408. R. Doc. 115-1, pp. 3-6.

Counter Defendants have responded in opposition, arguing that the Lins' prior insurance claim, appraisal, and settlement with Maxum "lie at the heart of the credibility issues in this case." R. Doc. 124, p. 1. Specifically, they argue that the Lins' prior insurance claim, appraisal proceedings, and settlement with Maxum are directly relevant to the factual basis of the

counterclaims and the consistency of their positions regarding the necessity and scope of Triton's mitigation work. R. Doc. 124, pp. 6-9.

Counterclaimants have not submitted a reply in support of their Motion, which is now submitted before the Court.

## II. LAW and ANALYSIS

This district has long disfavored motions in limine. *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (internal citations omitted). "[A] motion in limine [ ] prohibit[s] opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.' " *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022). Courts typically reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1. "Denial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Auenson*, 1996 WL 457258, at *1.

The Federal Rules of Evidence govern the admissibility of evidence in the courtroom. Under Rule 401, "[e]vidence is relevant" if "it has any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 403 allows the Court to exclude prejudicial evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403."'Unfair prejudice'. . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (emphasis added). "The exclusion of evidence under Rule 403 should occur only sparingly[.]" *Id.* "[E]vidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).

Evidence Rule 408 governs the admissibility of settlement agreements. Rule 408 prohibits evidence of compromise negotiations, as well as "conduct or statement[s] made during compromise negotiations," from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Fed. R. Evid. 408. However, district courts may choose to admit this evidence "for another purpose," such as proving the bias or prejudice of a witness. Fed. R. Evid. 408(b). The Fifth Circuit has affirmed a district court's decision to admit the *fact* or *existence* of a settlement for purposes of reducing jury confusion regarding absent defendants but has found reversible error when a district court admitted the *content* of a settlement agreement. *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014) (citing *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir.1986)).

Counterclaimants' motion seeks to exclude broad categories of evidence related to their prior insurance claim with Maxum, including appraisal proceedings and settlement discussions. While certain aspects of this evidence may be inadmissible, the Court agrees with Counter Defendants that "Rule 408 does not require the sweeping exclusion sought by the Lins." R. Doc.

124, p. 9.

Consistent with Rule 408, evidence of settlement discussions between Counterclaimants and Maxum may not be introduced for the purpose of establishing liability or the amount of damages in this case. However, because Rule 408 does not require exclusion of such evidence when offered for another purpose, the Court will address at trial the admissibility of settlement-related evidence for other permissible purposes.

With respect to evidence concerning the prior insurance claim and appraisal proceedings, the Court finds that the admissibility of such evidence depends on the context in which it is offered. Counter Defendants contend that this evidence is relevant to issues including the condition of the property, the scope and necessity of the mitigation work, and the consistency of Counterclaimants' positions throughout the claim and litigation process. At the same time, certain uses of such evidence may raise concerns under Rule 403, including the risk of unfair prejudice and jury confusion. Because the Court cannot determine the admissibility of such evidence in the abstract, it declines to impose a blanket exclusion at this stage. Instead, the Court will address any such objections as they are raised at trial.

For these reasons, the Motion in Limine is granted in part to the extent that it seeks to exclude settlement negotiations offered to prove liability or damages, and it is otherwise denied without prejudice.

Accordingly,

**IT IS ORDERED** that Counterclaimants' Motion in Limine to Exclude Prior Insurance Claim, Appraisal, Settlement Discussion, & Settlement Between Defendants, Plaintiff, & Maxum Indemnity Company (R. Doc. 115) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED IN PART** to the extent that

it seeks to exclude evidence of settlement negotiations or discussions offered to prove liability or the amount of damages, and that the motion is otherwise **DENIED WITHOUT PREJUDICE** to the parties raising appropriate objections at trial concerning settlement-related evidence offered for another purpose.

New Orleans, Louisiana, this 24th day of March, 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE