UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRITON BIO-ENVIRONMENTAL, LLC | CIVIL ACTION |
| | NO: 24-520 |
| VERSUS | |
| | SECTION: "T" (5) |
| CHENG CHI LIN, ET AL. | |

## ORDER AND REASONS

Before the Court is a Motion in Limine (R. Doc. 116) filed by defendants and counterclaimants, Cheng Chi Lin and Tina Lin (collectively, the "Lins" or "Counterclaimants"). The Lins move to exclude any reference to the wealth of Counterclaimants or their family. R. Doc. 116. Counterclaim Defendants, Triton Bio-Environmental ("Triton") and Axis Insurance Company ("Axis") (collectively, "Counter Defendants"), have responded in opposition to the Motion. R. Doc. 121. The Lins have not filed a reply in support of the Motion, which is now submitted before the Court. Having considered the parties' arguments, the record, and the applicable law, the Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This dispute arises from mitigation and demolition work performed on the Lins' commercial immovable property, which sustained storm-related water intrusion and related damage during Hurricane Ida. R. Doc. 1, p. 3; R. Doc. 129-1, p. 1. Immediately after the storm, the Lins opened an insurance claim with Maxum and through their property manager, Julie Green, signed a contract on September 15, 2021 with Triton to perform emergency mitigation and remediation services on the property. R. Doc. 115-1, p. 2; R. Doc. 129-1, pp. 1-2 (citing R. Doc. 60-5). In February or March 2022, "Triton broke a wall in the interior of the property." *Id.* at p. 2 (citing R. Docs. 60-5, 129-2). In April or May 2022, "Triton advised Ms. Green that it had damaged

1

the fencing surrounding a dumpster on the property." *Id.* (citing R. Doc. 129-2). Triton's work on

the Lins' property was completed around April or May 2022. *Id.* (citing R. Doc. 129-2).

In February 2024, Triton filed a complaint against the Lins for breach of contract in this

Court, alleging that the Lins failed to pay over one million dollars for the goods and services

provided. R. Doc. 1, p. 3. While the Lins and Triton have since settled that claim, *see* R. Docs. 75,

78, the Lins' counterclaim, asserting breach of contract and negligence claims against Triton and

its insurer, Axis, remain, *see* R. Docs. 7, 8, 48. Counterclaimants seek damages resulting from:

1) Diminution of the value of the Property;
2) Actual repair costs above and beyond what would have been expected had the scope of mitigation damage been properly completed;
3) Lost/damaged contents that were not damaged but were removed and disposed of;
4) Lost business income; and
5) Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

R. Doc. 7, p. 12.

Counterclaimants allege that, "[a]t several points during litigation, [Counter Defendants]

ha[ve] opined or referenced the wealth of Kevin Lin [Counterclaimants' son] as a reason why the

Lins do not need recovery of any alleged damages in this case." R. Doc. 116-1, p. 2.

Counterclaimants now move "to exclude testimony about the wealth of the Defendants or their

family," *id.* at p. 1, arguing that (1) such evidence is irrelevant under Federal Rule of Evidence

401 and (2) even if marginally relevant, any probative value is substantially outweighed by

prejudice and confusion and therefore should be excluded under Rule 403, *id.* at pp. 2-4.

Counter Defendants have responded in opposition, arguing that because Counterclaimants

have "placed damages, mitigation, and prolonged loss of rental income squarely at issue," their

"financial resources are relevant to the jury's evaluation of mitigation, causation, and the

reasonableness of the damages claimed." R. Doc. 121, p. 1. Counterclaimants have not submitted

a reply in support of their Motion, which is now submitted before the Court.

## II. LAW and ANALYSIS

This district has long disfavored motions in limine. *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (internal citations omitted). "[A] motion in limine [ ] prohibit[s] opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.' " *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022). Courts typically reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1. "Denial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Auenson*, 1996 WL 457258, at *1.

The Federal Rules of Evidence govern the admissibility of evidence in the courtroom. Under Rule 401, "[e]vidence is relevant" if "it has any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 403 allows the Court to exclude prejudicial evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403."'Unfair prejudice'. . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially

outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (emphasis added). "The exclusion of evidence under Rule 403 should occur only sparingly[.]" *Id.* "[E]vidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).

Counterclaimants' motion seeks to exclude testimony or argument concerning the wealth of Counterclaimants and their family members, arguing that such evidence is irrelevant and its probative value, if any, is substantially outweighed by the danger of unfair prejudice and jury confusion. R. Doc. 116-1, pp. 2-4. Therefore, Counterclaimants contend, it should be excluded under Rules 402 and 403. *Id.* Counter Defendants, on the other hand, argue that such evidence is relevant to the jury's evaluation of mitigation of damages, causation, and the reasonableness of the losses claimed. R. Doc. 121, pp. 5-7. Specifically, Counter Defendants contend that because the Louisiana Civil Code requires an obligee to make "reasonable efforts to mitigate damages caused by the obligor's failure to perform," La. Civ. Code art. 2002, evidence concerning the Counterclaimants' financial resources is "directly probative of the amount of recoverable damages." R. Doc. 121, p. 5.

The Court agrees that evidence concerning the financial status of non-parties, including Kevin Lin and other members of the Lin family, is not relevant to any claim or defense in this case and carries a substantial risk of unfair prejudice and jury confusion. Such evidence will therefore be excluded under Rules 402 and 403.

By contrast, the relevance and potential prejudice of evidence concerning the financial circumstances of Counterclaimants themselves depends on the context in which it is offered at trial, including any arguments related to the Counterclaimants' ability to mitigate damages.

4

Because the Court cannot determine the admissibility of such evidence in the abstract, it declines to impose a blanket exclusion at this stage. The Court will address any such objections at trial.

For these reasons,

**IT IS ORDERED** that Counterclaimants' Motion in Limine to Exclude Testimony About the Wealth of the Defendants or Their Family (R. Doc. 116) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED IN PART** to the extent that it seeks to exclude evidence or argument concerning the wealth of Counterclaimants' family members, and that the motion is otherwise **DENIED WITHOUT PREJUDICE** to the parties raising appropriate objections at trial concerning evidence related to the financial circumstances of Counterclaimants.

New Orleans, Louisiana, this 24th day of March, 2026.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

5