UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRITON BIO-ENVIRONMENTAL,
LLC

VERSUS

CHENG CHI LIN, ET AL.

CIVIL ACTION

NO: 24-520

SECTION: "T" (5)

## ORDER AND REASONS

Before the Court is a Motion in Limine (R. Doc. 119) filed by defendants and counterclaimants, Cheng Chi Lin and Tina Lin (collectively, the "Lins" or "Counterclaimants"). The Lins move to exclude any reference to their prior settlement with Plaintiff and Counterclaim Defendant, Triton Bio-Environmental ("Triton"), which led to dismissal of Plaintiffs' original breach of contract claim. Triton and Axis Insurance Company ("Axis") (collectively, "Counter Defendants") have responded in opposition to the Motion. R. Doc. 123. The Lins have not filed a reply in support of the Motion, which is now submitted before the Court. Having considered the parties' arguments, the record, and the applicable law, the Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This dispute arises from mitigation and demolition work performed on the Lins' commercial immovable property, which sustained storm-related water intrusion and related damage during Hurricane Ida. R. Doc. 1, p. 3; R. Doc. 129-1, p. 1. Immediately after the storm, the Lins opened an insurance claim with their commercial liability carrier, Maxum Indemnity Company ("Maxum"), and through their property manager, Julie Green, signed a contract on September 15, 2021 with Triton to perform emergency mitigation and remediation services on the property. R. Doc. 115-1, p. 2; R. Doc. 129-1, pp. 1-2 (citing R. Doc. 60-5). In February or March

1

2022, "Triton broke a wall in the interior of the property." *Id.* at p. 2 (citing R. Docs. 60-5, 129-2). In April or May 2022, "Triton advised Ms. Green that it had damaged the fencing surrounding a dumpster on the property." *Id.* (citing R. Doc. 129-2). Triton's work on the Lins' property was completed around April or May 2022. *Id.* (citing R. Doc. 129-2).

The Lins claimed that "Maxum failed to pay amounts owed under the insurance policy, citing at least partially their disagreement with the repair protocol." R. Doc. 115-1, p. 2. The Lins then filed a suit against Maxum ("the Maxum suit"), which was settled at mediation. *Id.*

In February 2024, Triton filed a complaint against the Lins for breach of contract in this Court, alleging that the Lins failed to pay over one million dollars for the goods and services provided. R. Doc. 1, p. 3. The Lins filed a counterclaim, asserting breach of contract and negligence claims against Triton and its insurer, Axis. *See* R. Docs. 7, 8, 48. The parties later engaged in settlement discussions and mediation, which culminated in a settlement resolving only Triton's claims against the Lins. R. Doc. 119-1, p. 2; R. Doc. 123, p. 3.

Counterclaimants now move to exclude any reference to the settlement between the Lins and Triton, including the terms of the settlement and the conversations leading up to the agreement. R. Doc. 119. They argue that such evidence is inadmissible under Federal Rule of Evidence 408 and also contend that any probative value of such evidence is outweighed by unfair prejudice, confusion of issues, and misleading the jury under Rule 403. R. Doc. 119-1, pp. 1, 5-6.

Counter Defendants have responded in opposition, contending that they seek to introduce settlement-related evidence "for purposes independent of liability, namely, to provide context for the claims that remain before the jury and to rebut the central, factual theory advanced by the Lins in their counterclaim, alleged over-mitigation." R. Doc. 123, p. 6. Thus, Counter Defendants argue, this evidence will serve "another purpose" under Rule 408, rather than the improper purpose of

proving or disproving the validity or amount of a disputed claim. *Id.* They further contend that "the alleged damages asserted by the Lins cannot be evaluated in a vacuum while ignoring a substantial negotiated reduction that directly relates to the same work now alleged to be excessive." *Id.* at p. 7. In the alternative, Counter Defendants argue that, under Fifth Circuit precedent, "reference to the *existence* of the settlement is permissible to ensure the jury understands how this suit originated and why Triton's affirmative claims are no longer at issue while the Lins' counterclaims remain pending." *Id.* at p. 8. Counter Defendants also assert that the settlement-related evidence is not unfairly prejudicial under Rule 403 because it serves as "a key reference point for the parties' valuation of the work performed and should be factored into any claim of additional repair cost." *Id.* Counterclaimants have not submitted a reply in support of their Motion, which is now submitted before the Court.

## II. LAW and ANALYSIS

This district has long disfavored motions in limine. *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (internal citations omitted). "[A] motion in limine [ ] prohibit[s] opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.' " *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022). Courts typically reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1. "Denial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Auenson*, 1996 WL 457258, at *1.

3

Evidence Rule 408 governs the admissibility of settlement agreements. Rule 408 prohibits evidence of compromise negotiations, as well as "conduct or statement[s] made during compromise negotiations," from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Fed. R. Evid. 408. However, district courts may choose to admit this evidence "for another purpose," such as proving the bias or prejudice of a witness. Fed. R. Evid. 408(b). The Fifth Circuit has affirmed a district court's decision to admit the *fact* or *existence* of a settlement for purposes of reducing jury confusion regarding absent defendants but has found reversible error when a district court admitted the *content* of a settlement agreement. *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014) (citing *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir.1986)).

Counterclaimants' motion seeks to exclude any reference to the settlement between the Lins and Triton, including the terms of the settlement and the conversations leading up to the agreement. R. Doc. 119. They contend that Counter Defendants continue to rely on inadmissible settlement-related evidence as part of their defense. R. Doc. 119-1, pp. 5-6. For example, Triton's Exhibit List references the prior settlement, and the expert report of Stephen Fleishmann, which argues that the $525,000 settlement of Triton's claims against the Lins demonstrates that the scope of mitigation was correct. *Id.* at p. 6. Counterclaimants' motion also raises concerns about Counter Defendants' attempts to use recorded settlement conversations between Triton representative Jordan Manalla and Counterclaimant counsel Aaron Goodbey at trial. *See id.* at pp. 3-4, 6.

Counter Defendants argue that such evidence is not barred by Rule 408 because it would not be offered to prove or disprove the validity or amount of a disputed claim. R. Doc. 123, p. 6. For example, they argue that their expert's use of the negotiated settlement amount "represents a substantial financial concession by Triton that should be accounted for when evaluating claims of

alleged over-mitigation and increased rebuild costs," rather than "the reasonableness of Triton's work as a matter of liability." *Id.* at pp. 6-7. Counter Defendants also emphasize the Fifth Circuit's *Kennon* rule, under which the fact that a settlement occurred may be disclosed in order to avoid juror confusion.

The Court agrees with Counter Defendants' application of *Kennon* in this instance and will not exclude reference to *the mere existence of the settlement* at trial. However, the Court also finds that, despite Counter Defendants' characterization of their expert's use of settlement-related evidence in his report as being offered for another purpose, the proposed use of such evidence is directed at evaluating the validity or amount of damages claimed by the Lins. Such use is expressly prohibited by Rule 408, and settlement-related evidence may not be introduced for this purpose at trial.

For these reasons, while the existence of the settlement may be referenced for limited purposes, including to avoid juror confusion regarding the procedural posture of the case, the terms, amount, and substance of the settlement and the negotiations leading up to the settlement ae not admissible to prove liability or the amount of damages at trial. However, because Rule 408 does not require exclusion of such evidence when offered for another purpose, the Court will address at trial the admissibility of settlement-related evidence for other permissible purposes.

Accordingly,

**IT IS ORDERED** that Counterclaimants' Motion in Limine to Exclude Settlement Discussion, Terms of Settlement Between Defendants / Plaintiff (R. Doc. 119) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED IN PART** to the extent that it seeks to exclude settlement-related evidence, including the terms, amount, and substance of any

settlement between the parties, offered to prove liability or the amount of damages, and that the motion is otherwise **DENIED WITHOUT PREJUDICE** to the parties raising appropriate objections at trial concerning settlement-related evidence offered for another purpose.

New Orleans, Louisiana, this 24th day of March, 2026.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE